No. 25,178.

THE SAMUEL ACH COMPANY, *Appellant*, v. ARLO THORPE et al., *Appellees*.

SYLLABUS BY THE COURT.

PARTNERSHIP—*Notice of Dissolution of Partnership—Liability of Former Members of Partnership After Withdrawal Therefrom*. In an action against former members of a partnership to recover for goods sold to their successors, who continued the business under the trade name of the old partnership where no notice of the withdrawal from the partnership had been given, it is error for the court to instruct the jury to return a verdict in favor of the defendants, where there was a conflict in the evidence as to whether the first and only shipment of goods to the partnership while the defendants were members thereof was made on credit or shipped C. O. D. and paid for on delivery.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. opinion filed April 5, 1924. Reversed.

*Z. Wetmore, Fred Hinkle,* and *George M. Ashford,* all of Wichita, for the appellant.

*Dennis Madden,* of Topeka, *John Madden, John Madden, jr.,* and *Louis Nadel,* all of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued the defendants as members of a partnership composed of Arlo Thorpe, Mrs. Arlo Thorpe, and Mrs. J. E. Murphy, doing business under the trade name of "The Smart

Hat Shop" as Thorpe & Murphy. The case was tried to a jury; and, at the close of the evidence, the court instructed the jury to return a verdict in favor of the defendants. That was done, and judgment was rendered accordingly. From that judgment, the plaintiff appeals.

The plaintiff relies on the principle that where a person retires from a firm and another person takes his place, notice to those who have been extending credit must be given or the retiring partner will be liable for debts to the creditor contracted after the change in the firm.

There was evidence which tended to show the following facts which were not controverted: That a partnership existed between Arlo Thorpe, Mrs. Arlo Thorpe, and Mrs. J. E. Murphy; that the partnership did a millinery business under the trade name of "The Smart Hat Shop"; that the partnership was formed sometime before the middle of July, 1919; that it was dissolved about September 10, 1919, by Arlo Thorpe and Mrs. Arlo Thorpe withdrawing from it and by Betty M. Stanton entering it; that the new partnership continued to do business under the trade name of "The Smart Hat Shop"; that goods, ordered from the plaintiff by the partnership in July, 1919, were shipped and were paid for; and that no notice of the dissolution of the partnership was given to the plaintiff.

The evidence of the plaintiff tended to show that when the first order for goods was received from the partnership, reports of commercial agencies were obtained and credit would not have been extended if those reports had not shown that Arlo Thorpe was a partner in the firm. The evidence of the plaintiff did not directly state that the first sale of goods was made on credit. The evidence of the defendants tended strongly to show that the first bill of goods was shipped C. O. D., and that the goods were paid for when they were delivered. The plaintiff introduced in evidence an itemized statement of the account, which showed that the first shipment of goods was made August 5, 1919, and amounted to $119.25, and showed that the first payment of $119.25 was received October 9, 1919. The account showed that the next shipment of goods occurred on January 3, 1920, after the defendants had withdrawn from the partnership, and showed numerous other shipments thereafter until May 1 of that year. The plaintiff introduced in evidence a letter received by it, signed by Mrs. Arlo R. Thorpe, which read as follows:

"THE SMART HAT SHOP"

THORPE & MURPHY,

Koehler Bldg.,

LAWTON, OKLA., July 17, '19.

"*The Samuel Ach Co., 817 Walnut St., Cincinnati, Ohio.*

"GENTLEMEN—Having only been in the millinery business here for 2 months, after buying out Mrs. Hudson, in the Koehler Bldg., we have had a few calls for your hats. Do you have an account here?

"If you have not please express 1 dozen assorted new Fall patterns and shapes to cost between $5.00 and $10.00, something to give us an idea of your line and prices.

"On receipt of same I will remit immediately, to establish our credit standing with your house, or you may write Levis, Zokoski, of St. Louis or Frankel Frank & Co. of Kansas City, Mo.

"Hoping that these may come thru as soon as possible, I remain, very truly yours,                    (Signed)     MRS. ARLO R. THORPE,

MRS. ARLO R. THORPE,

MRS. J. E. MURPHY."

If the first bill of goods was sold on credit, the plaintiff was entitled to notice of the change in the partnership. (20 R. C. L. 964, 966; 30 Cyc. 608.) But, if that shipment was not sold on credit, the plaintiff was not entitled to notice of the change in the partnership. In *Merritt v. Williams,* 17 Kan. 287; this court said:

"Only those who are in the habit of dealing with co-partners are entitled to actual notice of their dissolution.

"A single cash sale of cattle to a partnership firm dealing in cattle does not make the vendor such a dealer as entitles him to actual notice of the dissolution of the partnership, or through lack of such notice to hold both partners on a sale made two years thereafter, and eighteen months after the dissolution of the firm, where the actual dealings are had with only one of the former partners."

The court, when it directed the jury to return a verdict in favor of the defendants, must have concluded that the first sale of goods to Thorpe & Murphy was not made on credit. What evidence tended to show that the first sale was made on credit? The letter written by Mrs. Arlo R. Thorpe dated July 17, 1919, which was an order for a dozen "new fall patterns and shapes, and was not an order that the goods be shipped C. O. D., but a promise to remit immediately; and the evidence of the plaintiff that when the order for the goods was received, it obtained reports from commercial agencies and would not have extended credit if Arlo R. Thorpe had not appeared as a partner in The Smart Hat Shop and that the goods were shipped on August 5 and were paid for October 9. There was evidence from which the jury could have concluded that the

first bill of goods was sold on credit, although there was evidence from which the jury could have concluded that the goods were shipped C. O. D. .The issue of fact presented by the evidence was a material one; it was the turning point in the case. That issue should have been left to the jury. It was error to instruct the jury to return a verdict in favor of the defendants.

The judgment is reversed, and a new trial is directed.