No. 28,206.

THE SAMUEL ACH COMPANY, *Appellant,* v. ARLO THORPE et al.,
*Appellees.*

(278 Pac. 15.)

Opinion filed June 8, 1929.

*Z. Wetmore* and *George M. Ashford,* both of Wichita, for the appellant.

*John Madden, John Madden, Jr.,* and *L. C. Gabbert,* all of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the court setting aside a judgment rendered in the absence of defendants or their counsel, which absence is alleged to have resulted from the mistake, neglect or omission of the clerk.

The matter came up in this way: Plaintiff sued on an account for merchandise sold, and alleged that the defendants named were partners doing business under a trade name. The trial court directed a verdict for defendants. The plaintiff appealed, and the judgment of the trial court was reversed (*Samuel Ach Co. v. Thorpe,* 115 Kan. 812, 224 Pac. 917), and a new trial was directed. This was in April, 1924. The case should have been placed on the docket of the trial court for the October, 1924, term, but the clerk did not do so. The case remained in that situation about two years. After the dockets had been printed for the October, 1926, term of court, counsel for plaintiff observed that the case was not on the printed docket, and on October 7, 1926, wrote to the clerk calling his attention to that fact and asking that it be placed on the docket. In Sedgwick county there are four divisions of the district court, each division being presided over by a district judge. The clerk of the court keeps the record for all of the divisions, and under rules

of the court the clerk assigns cases to the respective judges or divisions. A rule of the court (No. 3), applicable to all divisions, reads in part as follows:

"When a case has been assigned by the clerk to any judge for trial, he shall have full charge of said case until judgment has been entered, and all applications for continuance or interlocutory matters shall be addressed to such judge."

When the case was originally filed in court it had been assigned by the clerk to division No. 3, presided over at that time by Judge Wall, and the case was tried before him and in that division before its appeal to this court. Since that time Judge Pierpont has succeeded Judge Wall as judge in that division. On the receipt from plaintiff's counsel of the letter of October 7, 1926, the clerk of the court entered the cause on the trial docket of division No. 2, presided over by Judge Sargent. Neither defendants nor their counsel were notified of this. The case was not reached for trial during that term. Before the beginning of the January, 1927, term of court Judge Sargent, of division No. 2, having previously given notice that he would do so, on December 31, 1926, made an assignment of cases in his division for trial in the January, 1927, term of court. In making such assignment this case was assigned for trial on January 19, 1927. Counsel for defendants, not knowing that this case was on the docket of division No. 2, were not present at the time of this assignment, and had no notice of it. A young man from their office was present, but he had not been instructed to look after the assignment of this case and did not recognize it as being one in which defendants' counsel were interested. The printed dockets for the January, 1927, term of court were distributed on January 7. At that time counsel for defendants learned that this case was on the docket of division No. 2, but had no knowledge at that time that it had been assigned for trial, and expected to be notified by the clerk of the court in accordance with the rules and practice of the court if and when the case was assigned for trial. They received no such notice. The case was tried on January 19 in the absence of defendants and their counsel, and without their knowledge. Judgment was rendered for plaintiff. Nothing further appears to have been done about the matter, or any information conveyed to defendants or their counsel, until after that term of court had expired. It was not until May, 1927, that defendants' counsel learned that this judgment had been taken. At that time they filed

a motion as above stated. On the hearing of this motion evidence was taken and the court made findings as incorporated in the journal entry, the substance of which has been above stated. The trial court set aside the judgment. Plaintiff has appealed and complains of this ruling. We see no error in it. The pertinent statute reads:

"The district court shall have power to vacate . . . its own judgments, . . . at or after the term at which such judgment . . . was made. . . . *Third,* for mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order." (R. S. 60-3007.)

The proceedings shall be by motion (R. S. 60-3010), commenced within three years (R. S. 60-3008). It seems quite clear that the mistake, neglect and omission of the clerk consisted in not placing this case on the docket for more than two years, then placing it on the docket of the division to which it did not belong without notice to counsel for defendants, and in not notifying them of the assignment of the case for trial. Counsel for defendants had every reason to expect that when the case was docketed for trial it would be in division No. 3.

Appellant calls our attention to the fact that the rule uses the term "judge" rather than "division," but since each division is presided over by one judge until his term of office expires and someone else succeeds him, we think the court fairly interpreted the rules applying to the division as distinct from the individual presiding over it.

Several minor questions are discussed in the case, but they do not require special treatment.

The judgment of the court below is affirmed.